# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
## at Baltimore

| | | |
|---|---|---|
| IN RE: | * | Case No.: 13-13099-NVA |
| ROY MARK BROADHURST | * | Chapter 7 |
|     Debtor | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| MARK J. FRIEDMAN | * | Adversary No.: 14-00126-NVA |
| CHAPTER 7 TRUSTEE | | |
|     Plaintiff | * | |
| v. | * | |
| ROY MARK BROADHURST | * | |
|     Defendant | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### ANSWER TO COMPLAINT FOR TURNOVER OF PROPERTY OF THE ESTATE AND REVOCATION OF DISCHARGE OF DEBTOR

Roy Mark Broadhurst ("Defendant"), by his undersigned attorneys, Edward M. Miller, and Miller & Miller, LLP, hereby answers the Complaint for Turnover of Property of the Estate and Revocation of Discharge of Debtor ("Complaint"), filed by Mark J. Friedman, Trustee in the Bankruptcy Case of Roy Mark Broadhurst, Case No.: 13-13099-NVA ("Plaintiff"), and respectfully represents that:

### JURISDICTION AND VENUE

1. Defendant admits the allegation made in paragraph 1 of the Complaint.

2. Defendant admits the allegation made in paragraph 2 of the Complaint.

3. Defendant admits the allegation made in paragraph 3 of the Complaint.

**PARTIES AND BACKGROUND**

4. Defendant admits the allegation made in paragraph 4 of the Complaint.

5. Defendant admits the allegation made in paragraph 5 of the Complaint.

6. Defendant admits the allegation made in paragraph 6 of the Complaint.

7. Defendant admits the allegation made in paragraph 7 of the Complaint but by way of further answer states that Defendant informed the Plaintiff at the Section 341 Meeting that the 2012 tax return was not yet filed and the return would be provided to the Plaintiff after it was filed.

8. Defendant admits the allegation made in paragraph 8 of the Complaint.

9. Defendant denies the allegation made in paragraph 9 of the Complaint and by way of further answer states that the Trustee filed a Notice of Noncompliance on April 2, 2013 but the Debtor (who had an extension by order of Court until April 2, 2013 to file missing schedules and statements) had e-mailed all of the Section 521 documents (excepting 60-day pay advices since the Debtor was self-employed) to the Trustee on April 2, 2013 and, upon seeing the Notice, counsel requested the Trustee to withdraw the Notice.  The Trustee's paralegal was unable to do so because the case files had been sent to the 341 Meeting room and were unavailable.  The Trustee never followed-up and never withdrew the April 2, 2013 Notice.

10. Defendant admits in part and denies in part the allegations made in paragraph 10 of the Complaint and by way of further answer states that on May 10, 2013 the Court dismissed the case for failure to provide Section 521 documents to the Trustee and, following counsel's motion to reconsider (since the Section 521 documents had been provided to the Trustee on April 2, 2013), the order dismissing the case was subsequently vacated.   Following the reinstatement of

the case, a second Section 341 Meeting was scheduled in error by the Clerk's office (the second meeting never occurred) and the Trustee filed a second Notice of Noncompliance on June 27, 2013, apparently not connecting the previous 341 Meeting and the newly scheduled meeting. The Court dismissed the case on July 19, 2013. Counsel again filed a motion to reconsider and the order dismissing the case was vacated.

11. Defendant denies the allegation made in paragraph 11 of the Complaint and restates his answer as set forth in paragraph 10.

12. Defendant denies the allegation made in paragraph 12 of the Complaint.

13. Defendant admits the allegations made in paragraph 13 of the Complaint but by way of further answer states that the Plaintiff could have objected to discharge at any time from April 5, 2013 until the requested extended objection deadline of August 3, 2013.

14. Defendant admits in part (as to the submission of the requested documents) and denies in part (as to the Plaintiff's interpretation of transfers of estate funds) the allegations made in paragraph 14 of the Complaint.

15. Defendant has insufficient knowledge to either admit or deny the allegation made in paragraph 15 of the Complaint.

16. Defendant has insufficient knowledge to either admit or deny the allegation made in paragraph 16 of the Complaint.

### COUNT I
### TURNOVER OF PROPERTY OF THE ESTATE
### PURSUANT TO U.S.C. § 542

17. Defendant admits in part and denies in part the allegations made in paragraph 17 of the Complaint (incorporating paragraphs 1-16 of the Complaint).

18. Defendant denies the allegation made in paragraph 18 of the Complaint.

19. Defendant admits the allegation (as to non-delivery of alleged transfers) made in paragraph 19 of the Complaint.

20. Defendant denies the allegation made in paragraph 20 of the Complaint.

21. Paragraph 21 is a statement of alleged fact or law not requiring an admission nor denial by the Defendant.

22. Paragraph 22 is a statement of law not requiring an admission nor denial by the Defendant.

## COUNT II - REVOCATION OF DISCHARGE
## PURSUANT TO 11 U.S.C. § 727(d)(2)

23. Defendant admits in part and denies in part the allegations made in paragraph 23 of the Complaint (incorporating paragraphs 1-22 of the Complaint).

24. Paragraph 24 is a statement of law not requiring an admission nor denial by the Defendant.

25. Defendant denies the allegation made in paragraph 25 of the Complaint.

26. Defendant denies the allegation made in paragraph 26 of the Complaint.

27. Defendant denies the allegation made in paragraph 27 of the Complaint.

WHEREFORE, Roy Mark Broadhurst, Defendant, respectfully requests that this Honorable Court:

A. Enter an Order denying the relief requested by Plaintiff; and/or

B. Award the Defendant such other and further relief is just and proper.

/s/ Edward M. Miller
Edward M. Miller
Federal Bar No.: 024281
MILLER & MILLER, LLP
202 E. Main St., 1st Fl.
Westminster, MD 21157
410-751-5444
E-mail: mmllplawyers @verizon.net
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 9th day of April, 2014, a copy of the foregoing Answer was mailed electronically or by postage prepaid, first class, U.S. Mail, to Mark J. Friedman, Esq., DLA Piper LLP (US), The Marbury Building, 6225 Smith Ave., Baltimore, MD 21209-3600, Attorneys for Plaintiff; and Office of the U.S. Trustee, 101 W. Lombard St. #2625, Baltimore, MD 21201.

/s/ Edward M. Miller
Edward M. Miller